FILED & JUDGMENT ENTERED
Steven T. Salata

Nov 30 2012

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## SHELBY DIVISION

IN RE:

RICHARD WARREN FINDING and             Case No. 10-40125
JUANITA LEATHERMAN FINDING              Chapter 13

ONEWEST BANK FSB,

                     **Plaintiff,**

vs.                                            ADVERSARY PROCEEDING

PEOPLES BANK; DAVID A. SIMPSON,         NO. 10-4033
P.C., Substitute Trustee; GRADY I. INGLE
and/or ELIZABETH B. ELLS, Substitute
Trustee; RICHARD W. FINDING; and
JUANITA FINDING,

                     **Defendants.**

### MEMORANDUM OF OPINION

**THIS MATTER** is before this Court on Plaintiff OneWest Bank's ("OneWest") motion for summary judgment. The salient facts are not in dispute.

**STATEMENT OF UNDISPUTED FACTS**

This matter originated with the purchase of real property located at 251 First Broad Drive, Bostic, NC 28018 (the "Property") by Debtors Richard and Juanita Finding (the "Findings") on September 29, 2000. The Findings purchased the Property from First Broad Acres, Inc. as evidenced by a Deed recorded on October 7, 2000 in Deed Book 762 at Page 344 of the Rutherford County public registry. On November 9, 2004, the Findings refinanced a prior loan and Deed of Trust on the Property by borrowing $184,038.00 from Union Federal Bank of Indianapolis. This loan was secured by a Deed of Trust recorded on November 17, 2004 in Book 815 at Page 496 of the Rutherford County public registry (the "Union Deed of Trust").

Subsequently, on July 31, 2006, the Findings took out a home equity line of credit from Peoples Bank in the amount of $85,000.00 ("Peoples Bank Loan"). This loan was secured by a Deed of Trust for $85,000.00 made on July 31, 2006, with Richard W. Finding and wife, Juanita L. Finding, as Guarantors, Lance A. Sellers as Trustee, and Peoples Bank as Lender. The Deed of Trust was recorded on August 21, 2006 in Book 914 at Page 301 of the Rutherford County public registry (the "Peoples Bank Deed of Trust").

The Peoples Bank Deed of Trust states on its face that it is "a Future Advance Deed of Trust subject to the provisions of Article 7 of Chapter 45 of the North Carolina General Statutes, as the same may be amended from time-to-time." The Peoples Bank Deed of Trust, in paragraph 20, also requires Peoples Bank to cancel the Peoples Bank Deed of Trust upon receiving payment in full. Specifically, paragraph 20 of the Peoples Bank Deed of Trust provides as follows:

> 20. **RELEASE**. Upon payment in full of the Secured Obligations and all other sums secured by this Deed of Trust, Lender or Trustee shall cause the cancellation of this Deed of Trust.

A little over one year after entering into the Peoples Bank Loan, the Findings attempted to refinance all of their outstanding debt into one transaction. On September 21, 2007, the Findings borrowed $286,200.00 from IndyMac Bank, F.S.B. This loan was secured by a Deed of Trust made by the Findings as Borrower, IndyMac Bank, F.S.B.[1] as Lender, and United General Title Insurance Company as Trustee. The Deed of Trust was recorded on October 29, 2007 in Book 982 at Page 1 of the Rutherford County public registry (the "OneWest Deed of Trust"). The OneWest Deed of Trust transaction refinanced all of the outstanding loans and deeds of trust securing the Property. The Union Deed of Trust, then held by CitiMortgage, and the Peoples Bank Deed of Trust were paid in full.

CitiMortgage, the holder of the Union Deed of Trust, received the full outstanding balance owed on the Union Deed of Trust. The Union Deed of Trust was satisfied and cancelled of record as a result of this payment on October 5, 2007 as evidenced by the Satisfaction and Security Instrument recorded in Book 64 at Page 702 of the Rutherford County public registry.

Peoples Bank received the full outstanding balance owed on the Peoples Bank Deed of Trust. Peoples Bank was paid $86,227.21 by wire transfer as a payoff for the Peoples Bank Loan and Deed of Trust. The ledger for the Findings' bank account with Peoples Bank reveals that Peoples Bank received the proceeds on September 28, 2007 as a wire transfer. The ledger indicates that it was a "payoff" with $85,000.00 applied to principal and $523.97 applied to interest. The ledger then reflects that the balance on the account was ".00." Peoples Bank admits that it received the $86,227.21 and that upon receipt of that payment, that the debtors'

---

[1] IndyMac Bank F.S.B was closed by the Office of Thrift Supervision on July 11, 2008 and the FDIC was named Conservator. The FDIC arranged the sale of substantially all assets of IndyMac Bank to OneWest Bank F.S.B. Thus, OneWest Bank F.S.B. is the successor in interest to IndyMac Bank.

balance was zero. However, despite the balance on the Peoples Bank loan being brought to zero, the Peoples Bank Deed of Trust was not cancelled.

Shortly after the payment in full, the Findings began to borrow again on the equity line of credit (the Peoples Bank Loan). Within three months, the balance had nearly reached the maximum amount available on the equity line.

## STATEMENT OF THE CASE

On February 25, 2010, the Findings filed Chapter 13 bankruptcy in the Western District of North Carolina, case no. 10-40125. As part of the plan the Findings filed with their Petition, the Findings surrendered the Property to the secured creditors stating that upon confirmation of the plan, the automatic stay would be deemed lifted for the Property. On May 8, 2010, the Bankruptcy Court entered an Order confirming the Findings' plan, by which terms the Property was surrendered to the secured creditors OneWest Bank and Peoples Bank and relief from stay was granted to them to foreclose on the Property. On May 12, 2010, the Bankruptcy Court entered an Order granting Peoples Bank's Motion for Adequate Protection and to Modify a Stay.

On August 3, 2010, the Rutherford County Clerk of Court conducted a hearing on Peoples Bank's foreclosure of its Deed of Trust and ordered and approved the sale of the Property. On September 10, 2010, the foreclosure sale and confirmation of the bid was stayed by the entry of a temporary restraining order to allow the filing of an action to determine priority of the Peoples Bank Deed of Trust and the OneWest Deed of Trust in the Bankruptcy Court for the Western District of North Carolina.

OneWest is the current owner and holder of the Note and OneWest Deed of Trust. OneWest filed this adversary proceeding in the Western District of North Carolina Bankruptcy Court on October 8, 2010 to determine priority of the Peoples Bank Deed of Trust and the

OneWest Deed of Trust and to quiet title to the Property in the Findings' name subject to a first priority lien of OneWest.

## DISCUSSION

**I. SUMMARY JUDGMENT GENERALLY.**

Under Federal Rule of Civil Procedure 56(c), made applicable in the bankruptcy setting by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. All facts and reasonable inferences are viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

"In order to determine the relative rights of the parties to a deed of trust, this Court looks to North Carolina law." *In re Denmark Construction, Inc.* 398 B.R. 842, 846, 2008 Bankr. LEXIS 3742, **6 (Bankr. E.D.N.C. 2008) (citing *Kirkhard v. Boardwalk Development Company, Inc. (In re Boardwalk Development Co.),* 72 B.R. 152 n. 3 (Bankr. E.D.N.C. 1987) (citing *Butner v. United States,* 440 U.S. 48, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) and *In re Cunningham,* 48 B.R. 509, 512 n.1 (Bankr. M.D. Tenn 1985))). The terms of the Peoples Bank Deed of Trust are central to the outcome of this case and must be interpreted by the court. "When the language of a contract is plain and unambiguous, the construction thereof is a matter of law … and it is the duty of the court to construe the contract as written." *Davis v. Vecaro*

*Dev. Corp.*, 101 N.C. App 554, 555, 400 S.E.2d 83, 84 (1991).  The interpretation of the terms and effect of provisions in the Peoples Bank Deed of Trust presents a question of law only, and thus, is ripe for summary judgment.

II. **TITLE TO THE PROPERTY SHOULD BE QUIETED IN THE NAME OF THE FINDINGS SUBJECT TO A FIRST LIEN OF ONEWEST BANK.**

Plaintiff is entitled to a declaration that it holds a first-priority lien on the Property because the Peoples Bank Deed of Trust, by its terms, provides it is to be cancelled upon payment in full.  The evidence before the court shows that Peoples Bank was paid in full and that Peoples Bank received instructions that the amount paid was to "payoff" the Peoples Bank Loan.  Because the plain language of the Peoples Bank Deed of Trust requires it to be cancelled when paid in full, the Peoples Bank's lien is no longer valid and Plaintiff OneWest holds a first-priority lien on the Property.

A. **North Carolina Law Requires a Deed of Trust to be Interpreted and Treated as a Contract.**

North Carolina courts have long held that a mortgage or deed of trust must be interpreted as a contract.  *See McIver v. Smith*, 118 N.C. 73, 75, 23 S.E. 971, 972 (1896); *In re: Foreclosure of Bigelow*, 185 N.C. App 142, 147, 649 S.E.2d 10, 13 (2007).  The North Carolina Supreme Court set out long ago that "a mortgage is a contract and the parties may affix such terms and conditions as they see fit, provided creditors or others interested at the time are not affected thereby.  The registration is notice to all persons who may thereafter become interested." *McIver* at 75, 23 S.E. 972.  The essence of this contract is that a deed of trust grants a note holder a contractual remedy for default - a right to foreclose under the instrument.  *In re: Foreclosure of Azalea Garden Bd. & Care, Inc.*, 140 N.C. App 45, 51, 535 S.E.2d 388, 393 (2000).  The courts have explained the contractual nature of a deed of trust, noting that "the power of sale in a deed

of trust is 'a contractual arrangement in a mortgage or a deed of trust which 'confers upon the trustee "power" to sell the real property mortgaged without any order of court in the event of a default.'"  *Id*. (quoting *In re: Foreclosure of Michael Weinman Assoc.*, 333 N.C. 221, 227, 424 S.E.2d 385, 388 (1993)).

Because North Carolina courts interpret a deed of trust as a contract, the principles of contract law are applicable to its interpretation. *In re: Foreclosure of Bigelow* at 147, 649 S.E.2d at 13.  The overriding goal in interpreting a contract is to determine the intention of the parties. *In re: Foreclosure of Azalea Garden*, 140 N.C. App at 52, 535 S.E.2d at 393 (quoting *In re: Foreclosure of Fortescue*, 75 N.C. App 127, 130, 330 S.E.2d 219, 222 (1985)).  The North Carolina Supreme Court set forth many of the principles of contract interpretation applicable to this matter when it stated:

> "[w]hen the language of a contract is clear and unambiguous, effect must be given to its terms, and the court, under the guise of construction, cannot reject what the parties inserted or insert what the parties elected to omit.  It is the province of the courts to construe and not to make contracts for the parties.  The terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense."

*Taylor v. Gibbs*, 268 N.C. 363, 365, 150 S.E.2d 506, 507 (1966) (*internal citations omitted*).

Moreover, the terms of a deed of trust are strictly construed against the mortgagee.  The North Carolina Supreme Court has held with respect to the construction of mortgages and deeds of trust that: "[p]owers of sale in a mortgage are contractual, and as there are many opportunities for oppression in their enforcement, courts of equity are disposed to scrutinize them and hold the mortgagee to the letter of the contract." *Eubanks v. Becton*, 158 N.C. 230, 233, 73 S.E. 1009, 1011 (1912).  The Court in *Eubanks* went on to explain why it holds a mortgage to the terms of the contract, stating, "[i]f a different view should prevail and we could dispense with some stipulation in the power because we could not see that injury had ensued from failure to observe

it, we could practically destroy the contract of the parties." *Id.* Thus, the law requires that a court hold the mortgagee to the terms of the underlying mortgage or deed of trust. This principle of construction is consistent with the long-standing principle of contract construction that a contract is to be construed against the party drafting the document. *See Piedmont Bank & Trust Co. v. Stevenson*, 79 N.C. App 236, 242, 339 S.E.2d 49, 52 (1986). In this case, because Peoples Bank is the mortgagee the court must construe the terms of the Peoples Bank Deed of Trust against Peoples Bank.

> **B.  The Peoples Bank Deed of Trust Should be Cancelled Pursuant to its Terms.**

The Peoples Bank Deed of Trust by its terms requires the lender to cancel the Peoples Bank Deed of Trust upon payment in full of the underlying loan. The Peoples Bank Deed of Trust was paid in full as a result of the refinance transaction by the Findings through which the OneWest Deed of Trust was placed as a lien on the Property. Because the Peoples Bank Loan was paid in full, by its terms the Peoples Bank Deed of Trust should be cancelled.

The Peoples Bank Loan originated when the Findings entered into an Equity Line of Credit agreement with Peoples Bank to borrow up to $85,000.00 on July 31, 2006. The Peoples Bank Loan was secured by the Peoples Bank Deed of Trust. By its terms, the Peoples Bank Deed of Trust provides that "[u]pon payment in full of the Secured Obligations and all other sums secured by this Deed of Trust, Lender or Trustee shall cause the cancellation of this Deed of Trust." When the One West Deed of Trust was placed on the Property, the Peoples Bank Loan was paid off and the balance was brought to zero. However, the Peoples Bank Deed of Trust was not cancelled.

Peoples Bank indicates it did not cancel the Peoples Bank Deed of Trust because no request was made to cancel the Note and Deed of Trust. However, the release and cancellation

provision in the Peoples Bank Deed of Trust is one of the terms to which the Findings and Peoples Bank contractually agreed upon. As drafted, the Peoples Bank Deed of Trust does not include a requirement for a request to cancel. Because the plain language of the Peoples Bank Deed of Trust requires it to be cancelled upon being paid in full, and Peoples Bank admits that the obligation was paid in full, the Peoples Bank Deed of Trust should be cancelled pursuant to its terms. The Court cannot add a requirement into the contract that a request to cancel the deed of trust is required. *See e.g. Taylor v. Gibbs*, 268 N.C. 363, 150 S.E. 506 (1966) (holding that the court would not insert a provision into a contract not contemplated by the parties); *McNeary's Arborists, Inc. v. Carley Capital Group*, 103 N.C. App 650, 406 S.E.2d 644, 645 (1991) (holding that a future advances deed of trust would not be read to apply to advances made after the date specified on which the deed of trust would no longer apply); *Davis v. Vecaro Dev. Corp.*, 101 N.C. App 554, 555, 400 S.E.2d 83, 84 (1991) (holding that the court would not read a limitation into otherwise clear language in a deed of trust). The Peoples Bank Deed of Trust is to be strictly construed against the mortgagee and by its terms, there is no requirement that a request be made to cancel the Deed of Trust. *See Eubanks v. Becton*, 158 N.C. at 233, 73 S.E. at 1011.

The law allows the parties to set the terms for the deed of trust, as the parties did in this case where they agreed to the terms for the release of the Peoples Bank Deed of Trust. *See McIver*, 118 N.C. at 75, 23 S.E. at 972. Indeed, in a number of cases, the courts have allowed the parties to waive statutory rights by contract. In *McIver*, the parties varied the terms for the notice of sale from the statutory requirements, but because the sale complied with the terms of the mortgage, it was upheld. *McIver* at 75, 23 S.E. at 972. Similarly, in *Miller v. Lemon Tree Inn*, 29 N.C. App 133, 140, 249 S.E.2d 836, 841 (1978), the court held that where a party took a

note and deed of trust in forbearance for taking a materialman's lien, that they were not allowed to avoid the contract and enforce the materialman's lien. *Cf. Meadows Co. v. Bryan*, 195 N.C. 398, 403, 142 S.E. 487 (1928) (stating that a mortgagee may waive contractual provisions for its benefit in a mortgage). Moreover, Article 7 of the North Carolina General Statutes, which the Peoples Bank Deed of Trust states controls the document, provides that contractual variations from Article 7 do not invalidate a deed of trust. *See* N.C. Gen. Stat. § 45-74 (2011) ("The provisions of this Article shall not be deemed exclusive. Nothing in this Article shall invalidate or overrule any rule of validity or priority applicable to any security instrument failing to comply with the provisions of this Article"). Thus, Peoples Bank could and did validly waive its right to any other method of cancellation by including the statement that it would cancel the Peoples Bank Deed of Trust upon receiving payment in full in the Peoples Bank Deed of Trust.

Requiring the cancellation of the Peoples Bank Deed of Trust under these facts is also consistent with encouraging reliance on public records and recording statutes. The terms of the Peoples Bank Deed of Trust are on public record for examination by all. OneWest is entitled to rely on the language in the Deed of Trust declaring that Peoples Bank would cancel the Deed of Trust when Peoples Bank was paid in full and where OneWest's predecessor in interest, IndyMac Bank, was the party paying the funds to cancel the Peoples Bank Deed of Trust. In an analogous situation, the North Carolina Court of Appeals in *Miller* held "one who finds a deed of trust in the obligor's chain of title covering the identical property as would be subject to a materialman's lien should be entitled to rely on that as settlement of the obligation when it is recorded prior to perfection of the lien and the maturity date of the note extends beyond the period of perfection." *Miller* at 141, 249 S.E.2d at 841. *See also McIver, supra*, (noting that registration of the mortgage is "notice to all persons who may thereafter become interested").

Thus, because the Peoples Bank Deed of Trust was recorded, OneWest and its predecessor IndyMac were entitled to rely on the public record and plain terms of the Peoples Bank Deed of Trust that it would be cancelled when paid in full.

Finally, holding that the Peoples Bank Deed of Trust should be cancelled because it was paid in full places the responsibility for ensuring that its future advances are secured on Peoples Bank. OneWest was not a party to the Peoples Bank Deed of Trust. When a loss must fall between the two, and Peoples Bank had the opportunity to preserve the security for its future advances, the burden should fall on Peoples Bank, not on OneWest and its predecessor, which reasonably relied on the terms of the Peoples Bank Deed of Trust. *See In re: Foreclosure of Hall*, ___ N.C. App ___, 708 S.E.2d 174, 180 (2011).

    **C.**    **The Peoples Bank Deed of Trust Should be Cancelled Because an Adequate Payoff Notice was Provided**.

To the extent a cancellation requirement applies to the Peoples Bank Deed of Trust, Peoples Bank received adequate notice under the law. The undisputed facts in this case reveal that OneWest's predecessor in interest, IndyMac Bank, FSB, provided instructions to Peoples Bank that the loan was to "payoff" the Peoples Bank Loan. The FedPayments Manager page, a wire summary for IndyMac's payment to Peoples Bank on the Peoples Bank Loan, indicates it included text that it was for "Payoff LN 600302271, BORR Richard & Juanita Finding, 251 First Broad Dr., Bostic, NC." This is the same loan number as for the Peoples Bank Loan and shows that Peoples Bank received instructions to payoff and therefore cancel the Peoples Bank Deed of Trust. This evidence is buttressed by the ledger for the Peoples Bank Loan which reveals that Peoples Bank received the $85,000.00 as a payoff for the Peoples Bank Loan and that Peoples Bank categorized the payment as a payoff. Moreover, this payment undisputedly brought the loan balance to zero. The instruction provided to Peoples Bank that the loan was a "Payoff"

provided along with funds constituting a payment-in-full bringing the loan balance to zero is evidence the Peoples Bank Loan was requested to be cancelled. Combined with the Peoples Bank Deed of Trust's requirement that the Deed of Trust shall be cancelled upon payment in full, such a payment is more than adequate to require the cancellation of the Peoples Bank Deed of Trust. Thus, any requirement to request cancellation of the Deed of Trust has been met in this case.

In conclusion, the evidence reveals that the Peoples Bank Deed of Trust by its terms provides that it is to be cancelled upon payment in full and that Peoples Bank was paid in full while receiving instruction that the amount paid was to "payoff" the Peoples Bank Loan. Because the terms of the Peoples Bank Deed of Trust require it to be cancelled when paid in full, Plaintiff is entitled to a declaration that it holds a first-priority lien on the Property and that the Peoples Bank Deed of Trust is not valid lien on the Property.

Summary Judgment is GRANTED in favor of Plaintiff OneWest Bank, FSB.

SO ORDERED.

**This Order has been signed electronically.**　　　　　　　　　　**United States Bankruptcy Court**
**The judge's signature and court's seal appear at the**
**top of this Order**.